## Rowland v. Little.

(Decided October 18, 1910.)

### Appeal from Breathitt Circuit Court.

Parent and Son—Loss of Son's Services—Dangerous Employment—Knowledge of Parent—Recovery of Damages.—Where a father manumits his infant son or consents to his employment in a saw-mill, he cannot recover damages for loss of his son's services by reason of an injury to him in the saw-mill.

(The evidence in this case shows that the father not only knew of, but requested the defendant to employ his son at the mill.)

MARTIN J. KELLY and L. T. HOVERMALE for appellant.

GOURLEY & GOURLEY, A. H. PATTEN and JOHN E. PATRICK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

This action was instituted by appellant, John Rowland, to recover damages for the alleged loss of services of his son, Charles Rowland, who was hurt in the saw-mill of appellee. The action is based upon the employment by appellee of the infant, without the consent of appellant, at a dangerous employment. The answer put in issue all the material allegations of the petition, and, when the case was tried before a jury, the trial court gave the jury a peremptory instruction to find for the defendant, which was done.

The bill of exceptions clearly shows that the father not only knew of the employment of his son, who was a lad about sixteen years of age, but that he requested the defendant to employ him. On this subject we copy the following excerpt from the bill of exceptions:

"The plaintiff was asked if it was not a fact that a short time before the employment of the said Charles Rowland by Little & Wright, the plaintiff had not gone to the mill of said Little & Wright and while there asked the defendant, C. J. Little, to employ the said Charles Rowland to work at his said shuttle block mill, to which he answered that he would not say whether he did or did not make such request for the defendant to employ his son. The plaintiff was then asked further if this request of his was not made to the said C. J. Little in the presence of Wm. Cornett and at the same time if the said Little did not reply that he had no job open for the boy at that time, but that as soon as a job was open he would give it to the boy, to which the witness answered that he would not say one way or the other whether such a conversation was had; that he neither denied nor affirmed such a request on his part to employ his son."

It thus appears that as the plaintiff not only knew of, but requested, the employment of his son, he cannot recover for the loss of his services. The case at bar is controlled by the opinion in the case of Louisville & Nashville R. R. Co. v. Davis, 32 Ky. Law Rep. 306.

The bill of exceptions also shows that the father manumitted his son and allowed him the right to collect and use his own wages, and this constitutes an additional reason for upholding the judgment of the trial court in awarding the peremptory instruction.

Judgment affirmed.